IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Sarang Gupta,

        Plaintiff,

vs.                        Case No.

Cardworks Servicing, LLC, and
John Doe Corporation,

        Defendants.

## COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF AND DEMAND FOR JURY TRIAL

### NATURE OF ACTION

1.  This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### JURISDICTION AND VENUE

2.  This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), and 28 U.S.C. § 1331.

3.  Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants transact business in this district.

## PARTIES

4.      Plaintiff, Sarang Gupta ("Plaintiff"), is a natural person who at all relevant times resided in the State of New Mexico, County of Bernallilo, and City of Albuquerque.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      Defendant, Cardworks Servicing, LLC ("Cardworks"), is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7.      Cardworks is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8.      Defendant, John Doe Corporation ("Doe"), is a creditor that placed a consumer account with Cardworks for collection.

## FACTUAL ALLEGATIONS

9.      Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Cardworks.

10.     Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Cardworks, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

11.     Cardworks uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or

regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

12.     Prior to August 2012, Cardworks, itself and on behalf of Doe, began placing calls to Plaintiff's cellular telephone number, in an attempt to collect an alleged debt from "Jeffrey Irwin."

13.     On August 7, 2012, Plaintiff called Cardworks, and at such time, spoke with Cardworks's agent and/or employee "Robin."

14.     During the August 7, 2012 conversation, Plaintiff told "Robin" that he has been receiving calls on his cellular telephone number for a "Jeffrey Irwin" and demanded that Cardworks cease and desist from placing any and all further calls to Plaintiff as he was not "Jeffrey Irwin."

15.     Despite Plaintiff's cease and desist demand, Cardworks, itself and on behalf of Doe, placed telephone calls to Plaintiff's cellular telephone, including, but not limited to, calls placed on the following dates and times:

- August 14, 2012 at 10:00 A.M.;
- August 21, 2012 at 10:42 A.M.; and
- October 8, 2012 at 2:07 P.M.

16.     By placing additional calls despite Plaintiff's cease and desist demand, Cardworks placed calls with the intent to harass the person at the called number.

17. During the August 14, 2012, August 21, 2012, and October 8, 2012 telephone calls, Cardworks delivered a voicemail message using an artificial or pre-recorded voice.

18. Upon information and good-faith belief, the telephone calls identified above were placed to Plaintiff's cellular telephone number using an automatic telephone dialing system.

19. Cardworks did not place any telephone calls to Plaintiff for emergency purposes.

20. Cardworks did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone number.

21. Upon information and good-faith belief, Cardworks placed the telephone calls to Plaintiff identified above voluntarily.

22. Upon information and good-faith belief, Cardworks placed the telephone calls to Plaintiff identified above under its own free will.

23. Upon information and good-faith belief, Cardworks had knowledge that it was using an automatic telephone dialing system to make and/or place each of the telephone calls identified above.

24. Upon information and good-faith belief, Cardworks intended to use an automatic telephone dialing system to make and/or place each of the telephone calls identified above.

25.     Upon information and good-faith belief, Cardworks maintains business records that show all calls Cardworks placed to Plaintiff's cellular telephone number.

### COUNT I
### VIOLATION OF 15 U.S.C. § 1692d
### CARDWORKS

26.     Plaintiff repeats and re-alleges each and every factual allegation above.

27.     Cardworks violated 15 U.S.C. § 1692d by, in connection with the collection of an alleged debt, engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Cardworks violated 15 U.S.C. § 1692d;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF TCPA
## CARDWORKS

28. Plaintiff repeats and re-alleges each and every factual allegation above.

29. Cardworks violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Cardworks violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining Cardworks from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g)  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

h)  Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF TCPA
## DOE

30. Plaintiff repeats and re-alleges each and every factual allegation above.

31. Cardworks violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly placing non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

32. As the creditor on whose behalf the calls were placed, Doe is liable for Cardworks's placement of non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system and/or an artificial or pre-recorded voice in violation of 47 U.S.C. § 227(b)(1)(A)(iii), as if Doe placed said calls itself.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Doe violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining Doe from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

g) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

h) Awarding such other and further relief as the Court may deem just and proper.

- 9 -

## TRIAL BY JURY

33.     Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully Submitted,


s/Anita M. Kelley
Anita M. Kelley
Law Office of Anita M. Kelley
P.O. Box 37487
Albuquerque, NM  87176
(505) 750-0265
ecf@attorneysforconsumers.com

*Co-counsel with WEISBERG & MEYERS, LLC*

5025 N. Central Ave. #602
Phoenix, AZ 85012
Not admitted before this Court
ECF@AttorneysForConsumers.com